| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

ROSHAUN HOOD, §
　　　　　　　　　　　　　　　　§
　　　　　Petitioner, §
　　　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 1:16-CV-400
　　　　　　　　　　　　　　　　§
WARDEN, FCI BEAUMONT LOW, §
　　　　　　　　　　　　　　　　§
　　　　　Respondent. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Roshaun Hood, a prisoner currently confined at FCI Beaumont Low, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this petition for writ of habeas corpus be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court finds petitioner's objections are without merit. Petitioner concedes he did not lose any good conduct time as a result of the disciplinary conviction at issue. As punishment, plaintiff received a thirty (30) day restriction on his phone, commissary and visiting privileges. He complains, however, that the finding of guilt "extended a management

variable which increased his security and custody level." As outlined by the Magistrate Judge, "punishment consisting of placement in administrative segregation or loss of the opportunity to earn good conduct time is not enough to trigger the protection of the constitution." *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995). The cases cited by petitioner are inapposite to the facts underlying the present case as they all involve disciplinary convictions wherein the petitioner lost good conduct time. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *Spina v. Aaron*, 821 F.2d 1126 (5th Cir. 1987); *Krist v. Ricketts*, 504 F.2d 887, 888 (5th Cir. 1974).

To the extent petitioner also challenges the finding as it relates to evidence sufficient to support the finding of guilt, the information provided in an incident report, standing alone, can satisfy the "some evidence" standard. *Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001). Petitioner attached as evidence a copy of the Unit Disciplinary Committee ("UDC") form. In Section 19 of this form, the UDC based its decision on the incident report as written. *See* Original Petition, Exhibits (docket entry no, pg. 14). Although petitioner did not attach a copy of the actual Incident Report, the UDC form does include a description of the incident as taken from the Incident Report. The incident was described as follows:

> [o]n 8-13-15 at approximately 6:30 am Inmate Hood was late for his SHU callout. An announcement was made on public address system and the unit officer was called for him to report to medical. The unit officer was also called to verify that the call outs were posted on the bulletin board. Inmate Hood had no valid reason to be late for his callout. He also made no attempts to notify myself or any other medical staff where he was.

*Id*. Furthermore, petitioner provided a copy of the Central Office Administrative Remedy Appeal response. Id. (pg. 23). In this response, the Regional Director stated that petitioner also admitted to the investigating Lieutenant that he did not check the callouts posted on the inmate bulletin

2

board in petitioner's housing unit. *Id*. Based on the foregoing, the present record indicates there was "some evidence" supporting the decision. "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).

## ORDER

Accordingly, the objections of the plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

SIGNED at Beaumont, Texas, this 28th day of December, 2016.

_Marcia A. Crone_
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE